**John DILLARD, et al., Plaintiffs,**

**Robert R. Binion, et al., Plaintiffs–Intervenors,**

**Gilbert Green, Calvin Jones, Jr., Plaintiff–Intervenors,**

v.

**CHILTON COUNTY COMMISSION, et al., Defendants.**

**Civil Action No. 2:87CV1179–MHT.**

United States District Court, M.D. Alabama, Northern Division.

Sept. 6, 2006.

Edward Still, Edward Still Law Firm & Mediation Center, Birmingham, AL, for Plaintiffs.

Janai S. Nelson, Norman J. Chachkin, NAACP Legal Defense & Educ'l Fund, Inc., New York City, James U. Blacksher, Birmingham, AL, for Plaintiffs, Plaintiffs–Intervenors, and Defendants.

Algert Swanson Agricola, Jr., Slaten & O'Connor, PC, Montgomery, AL, for Plaintiff–Intervenors and Defendants.

David R. Boyd, Dorman Walker, Balch & Bingham, John J. Park, Jr., Office of the Attorney General, Alabama State House, Montgomery, AL, John Hollis Jackson, Jr., Jackson & Jackson, LLP, Clanton, AL, for Defendants.

### AMENDED ORDER

MYRON H. THOMPSON, District Judge.

It is ORDERED that the plaintiffs' motion to alter or amend judgment (doc. no.

172) is denied with the following comments:

█ The court in its opinion of August 14, 2006, *Dillard v. Chilton Cty.*, 447 F.Supp.2d 1273, 2006 WL 2355470 (M.D.Ala.2006), should not be understood as stating that cumulative voting, in and of itself, violates § 2 of the Voting Rights of 1965, as amended, 42 U.S.C. § 1973, or any other statute or any provision of the United States Constitution. For example, legislatively enacted cumulative voting was not, and is not, before this court, and this court's language and holding should not, in any way, be considered as addressing such. Indeed, this court remains convinced, as it stated back in 1988, that cumulative voting "provides black voters in [Chilton County, Alabama] with a realistic opportunity to elect candidates of their choice, even in the presence of substantial racially polarized voting." *Dillard v. Chilton Cty.*, 699 F.Supp. 870, 875 (M.D.Ala. 1988). This observation is even more pointed when considered in light of the history of social, economic, and political suppression of African–Americans in the State of Alabama over the last two centuries.

█ Instead, this court's August 14 opinion was simply and narrowly that the decisions of the Eleventh Circuit Court of Appeals in *Dillard v. Baldwin County Comm'n*, 376 F.3d 1260 (11th Cir.2004), *Dillard v. Baldwin County Comm'n*, 225 F.3d 1271 (11th Cir.2000); *White v. Alabama*, 74 F.3d 1058 (11th Cir.1996), and *Nipper v. Smith*, 39 F.3d 1494 (11th Cir. 1994) (en banc), make clear that cumulative voting as a remedy for a seven-member at-large, numbered-post election scheme (regardless as to whether that remedy is based on a court's finding of liability or a defendant's consent to liability or a defendant's consent to both liability and remedy, and regardless as to whether a plaintiff's claim is based on § 2 or Four-teenth Amendment intentional discrimination) cannot withstand a § 2 challenge by third-party intervenors.

And so as to make the record complete should there be an appeal, the court believes that it should also address intervenors Green and Jones's Tenth Amendment challenge. Because, in *Dillard v. Baldwin County Comm'n*, 225 F.3d 1271 (11th Cir. 2000), the Eleventh Circuit framed an intervenor's standing and claim under the Tenth Amendment in essentially the same way that it did an intervenor's standing and claim under § 2, the same reasoning and holding articulated in the court's August 14 opinion apply to intervenors Green and Jones's Tenth Amendment standing and claim.